NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0413n.06
Filed: May 18, 2005

No. 04-3256

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| EDWARD P. TIMMONS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| B O E H R I N G E R   I N G E L H E I M | ) | SOUTHERN DISTRICT OF OHIO, |
| C O R P O R A T I O N ;   R O X A N E | ) | EASTERN DIVISION |
| LABORATORIES, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: BOGGS, Chief Judge; COOK, Circuit Judge; and BEER, District Judge.[*]

BEER, District Judge. Edward Timmons appeals the district court's grant of summary

judgment in favor of his former employer Boehringer Ingelheim Corporation on claims of age

discrimination (ADEA and Ohio Rev. Code § 4112.02) and national-origin discrimination (Title VII

and Ohio Rev. Code § 4112.02). The district court held first that Timmons failed to make out his

prima facie case because he failed to demonstrate an adverse employment action. The court further

found that, even if Timmons met his prima facie burden, Boehringer possessed a legitimate, non-

discriminatory reason for its actions based upon Timmons's job performance and not age. Second,

the court found that Timmons did not make a prima facie case because he failed to establish the

_____

[*]The Honorable Peter H. Beer, United States District Judge for the Eastern District of
Louisiana, sitting by designation.

requisite background circumstances to suggest that Boehringer discriminates against Americans. For the following reasons, we affirm the district court's ruling.

I

Timmons worked for a subsidiary of Boehringer Ingelheim Corporation, Roxane Laboratories, as the Director of Solids Production. Boehringer classified that position as an "E-4" position, a classification usually reserved for directors in the company and related to determining the amount of an employee's bonus, salary, and job responsibilities. Boehringer then assigned Timmons to a position on a major project related to "Enterprise Resources Planning", known as the Symphony project, with the understanding that after the Symphony team completed the project, he would resume either his current position or a comparable one. However, allegedly because of Timmons's job performance, the company decided to fill certain existing positions with other candidates. Two of the candidates were non-Americans and all three were younger than Timmons. Boehringer offered Timmons two newly created positions (Product Standards Engineer and Cycle Team Project Leader), but he declined those positions. After offering Timmons several more alternatives including the opportunity to be considered for the Technical Affairs position, an E-4 position, as well as opportunities to obtain employment outside of the company, Boehringer deemed Timmons as voluntarily resigning from the company.

Timmons, an American, who was 54 at the time of his resignation, sued Boehringer under federal and Ohio state statutes claiming employment discrimination based on age and national

origin. He also brought a state-law claim for breach of contract. The district court held that Timmons did not establish that he suffered an adverse employment action because Boehringer offered Timmons positions at the same employment level with the same salary and benefits. The court also held that Timmons presented no evidence that Boehringer discriminated against Americans. Therefore, the district court granted summary judgment in Boehringer's favor on the employment claims and dismissed the breach-of-contract claim without prejudice for lack of subject-matter jurisdiction.

II

We review a grant of summary judgment de novo, applying the same standard of Fed. R. Civ. Pro. 56(c) used by the district court. *Williams v. Mehra,* 186 F.3d 685, 689 (6th Cir. 1999) (en banc).

III

A

To establish a prima facie case under the ADEA and Ohio Rev. Code § 4112.02(A), an employee must demonstrate an adverse employment action. *See Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 510-11 (6th Cir. 2004); *Grooms v. Supporting Council of Preventative Effort*, 809 N.E.2d 42, 48 n.3 (Ohio Ct. App. 2004). In addition to termination of employment or demotion evidenced by a decrease in wage or salary, an adverse employment action can include "significantly

diminished material responsibilities" or " 'a less distinguished title, a material loss of benefits... or other indices that might be unique to a particular situation.' " *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 886 (6th Cir. 1996) (quoting *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.3d 132, 136 (7th Cir. 1993).

Timmons argues that he suffered an adverse employment action because, despite Boehringer's promise to provide him a comparable position after he completed the Symphony project, the company never offered him an E-4 position. We disagree. A transfer at no loss of title, pay or benefits does not amount to an adverse employment action. *See Policastro v. Northwest Airlines, Inc.* 297 F.3d 535,539 (6th Cir. 2002). Timmons offers no substantial evidence that the positions Roxane made available to him, especially the Technical Affairs position, would have resulted in a loss of salary, benefits, or responsibility if he had accepted. Rather, Roxane went to extensive efforts to find him a suitable position. The district court cited *Flaherty v. Gas Research Inst.*, 31 F.3d 451 (7th Cir. 1994), where the court found that plaintiff's perception that the position offered is beneath him and thus may have "bruised" his ego, does not suffice to demonstrate a materially adverse action. *See id.* at 457.

B

Because we find that Timmons suffered no adverse job action, we need not further discuss his claims of age discrimination and national origin. However, as the district court correctly concluded, no evidence exists to suggest a discriminatory motive by Boehringer nor did Timmons

establish any direct evidence of reverse discrimination . We also affirm the district court's decision

to dismiss, without prejudice, Timmons's action for breach of contract, due to a lack of subject-

matter jurisdiction.

IV

For the foregoing reasons, we **AFFIRM** the judgment of the district court.